Opinion filed May 14, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 14, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00261-CV

                                                       ________

 

                                PERLA
KARIME JORDAN, Appellant

 

                                                             V.

 

                                  ECTOR
COUNTY, TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. A-122,198

 



 

                                                                   O
P I N I O N

Perla
Karime Jordan appeals from a summary judgment granted in favor of Ector County,
Texas, that she take nothing on her whistleblower claim, in which she alleges
that she was terminated for having called to the attention of her boss, the
County Attorney of Ector County, that a position in which she was interested
was filled without a public posting or that she was terminated for failing to
follow a call-in policy when she, in fact, had followed the policy.  We affirm.








Jordan
asserts two issues on appeal:  whether she complied with the prerequisite to
bringing suit under Tex. Gov=t Code Ann. ' 554.006(a) (Vernon 2004) and whether she
created a prima facie case under the Texas Whistleblower Act.[1] 
In fact, the single controlling issue in this appeal is whether the trial court
lacks jurisdiction to hear Jordan=s
whistleblower claim because she did not initiate a grievance procedure after
the County Attorney of Ector County terminated her employment.  In her original
petition, Jordan alleges that she was terminated on or about July 18, 2005, in
retaliation for reporting to the Personnel Department of Ector County that her
employer, the County Attorney of Ector County, had hired a legal secretary or
administrative individual without posting or, alternatively, that she was
terminated for not complying with a call-in policy when, in fact, she had complied
with the call-in policy.  Ector County filed a traditional motion for summary
judgment and a no-evidence motion for summary judgment as well as a plea to the
jurisdiction all of which rely on Ector County=s
assertion that Jordan failed to file or initiate a grievance following her
termination, which Ector County asserts is a necessary prerequisite to filing
such a suit.

According
to Jordan=s affidavit
filed in response to Ector County=s
motion, she asserts that on June 30, 2005, prior to her termination, she sought
to file a grievance with the county=s
personnel department because a legal secretary position in which she was
interested had not been publicly posted.  It is undisputed that Jordan did not
file or initiate a grievance after she was terminated.

Section
554.006(a) of the Texas Whistleblower Act requires a claimant to timely
initiate grievance or appeal procedures of the employing state or local
governmental entity relating to suspension or termination of employment or
adverse personnel action before suing.  Section 554.006(a).  Where the
plaintiff has failed to file or initiate such a grievance, sovereign immunity
is not waived and the failure constitutes a jurisdictional bar to the
whistleblower claim.  Med. Arts Hosp. v. Robison, 216 S.W.3d 38, 40-41
(Tex. App.C Eastland
2006, no pet.).  Therefore, given the fact that Jordan failed to file or
initiate such a grievance after her termination, sovereign immunity has not
been waived, and her whistleblower claim is jurisdictionally barred.








In
asserting that she did in fact file or initiate a grievance, Jordan refers us
to the grievance she sought to initiate prior to her termination, a grievance
based upon her assertion that the county attorney failed to post a legal
secretary position as required by county policy.  The purpose of requiring the
filing of a grievance is to allow the employer an opportunity to correct its
own errors by resolving disputes before being subjected to the expense and
effort of litigation.  Med. Arts Hosp., 216 S.W.3d at 42.  Jordan=s suit is based upon her
claim that she was wrongfully terminated in violation of the Texas
Whistleblower Act.  Consequently, the grievance Jordan filed prior to being
terminated could not have addressed her wrongful termination under the Texas
Whistleblower Act because the termination had not yet occurred.  We hold that
such a grievance does not meet the requirements of Section 554.006(a) because
it fails to address the termination, which is the subject of this lawsuit. 
Consequently, Jordan failed to meet the jurisdictional prerequisite required by
the statute before initiating a whistleblower claim.  Accordingly, we overrule
both her issues on appeal.              The judgment is affirmed.

 

 

JOHN G. HILL

JUSTICE

 

May 14, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Tex. Gov=t Code Ann. '' 554.001-.010 (Vernon 2004).





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.